OPINION
Defendant, Dale Greene, appeals from his conviction and sentence for carrying concealed weapons.
On June 7, 2001, at approximately 1:00 p.m., Kettering Police Officer Larry Tobias was dispatched to the intersection of Jaybee Court and Wilmington Pike to assist Officer Gary Collins with the stop of an intoxicated person. When Officer Tobias arrived on the scene, Officer Collins was speaking with Defendant. Several restaurants and commercial businesses are in that area, and the traffic volume was very heavy at the time.
Officer Tobias noted that Defendant appeared to be under the influence of alcohol. Defendant had a strong odor of alcohol about his person, he was unsteady and swaying on his feet, and he exhibited bloodshot eyes and slurred speech.
Defendant told the officers that he had dropped his car off at a nearby Pep Boys garage to be serviced, and after that walked to Blair's Lounge, where he drank five beers, and was then on his way back to Pep Boys to pick up his car. The officers administered a horizontal gaze nystagmus test, and after Defendant failed he was arrested for public intoxication. A subsequent search of Defendant's person produced a loaded semi-automatic pistol concealed under his jacket near the small of his back. Defendant told police he did not want to leave the gun in his car while it was being serviced.
Officer Tobias testified that Defendant was not able to properly care for himself in his impaired state, and he was therefore arrested because he posed a danger to himself and others. In order to return to Pep Boys, Defendant would have had to cross five lanes of heavy traffic. Police were concerned that Defendant might stumble into the heavy traffic flow and be hit or cause a traffic accident. While the officers were investigating Defendant they also discovered that he had no driving privileges. There was no other person with Defendant, and they decided to not allow Defendant to get into his car and drive off.
Defendant was subsequently indicted on one count of carrying concealed weapons. R.C. 2923.12(A). Defendant filed a motion to suppress the evidence, arguing that his arrest for public intoxication, a minor misdemeanor offense, violated R.C. 2935.26(A). Following a hearing the trial court overruled Defendant's motion to suppress. Defendant then entered a no contest plea to the carrying concealed weapons charge and was found guilty. The trial court sentenced Defendant to five years of community control sanctions.
Defendant timely appealed to this court from his conviction and sentence. He presents one assignment of error challenging the trial court's judgment overruling his motion to suppress.
ASSIGNMENT OF ERROR
 "THE TRIAL COURT ERRED IN DENYING DEFENDANT'S MOTION TO SUPPRESS THE GUN WHEN THERE WAS NO PROBABLE CAUSE FOR AN ARREST."
 Defendant argues that his arrest for the minor misdemeanor offense ofpublic intoxication is unlawful because it violates R.C. 2935.26(A), aswell as his Fourth Amendment rights. Therefore, the gun recovered fromhis person as a result of that unlawful arrest should have beensuppressed by the trial court as fruit of the poisonous tree. See: Statev. Jones, 88 Ohio St.3d 430, 2000-Ohio-374.
 Officer Tobias testified at the suppression hearing that when he firstencountered Defendant on the sidewalk at the intersection of Jaybee Courtand Wilmington Pike, he noticed that Defendant was unsteady and swayingon his feet, had a strong odor of alcohol about him, and had bloodshoteyes and slurred speech. Police administered a horizontal gaze nystagmustest that Defendant failed, exhibiting all six clues for intoxication.Accordingly, these officers clearly had probable cause to believe thatDefendant was intoxicated and the record supports that conclusion.
 Defendant does not dispute that police had probable cause to believe hewas committing the offense of public intoxication. That offense,however, is a minor misdemeanor. Police are prohibited from making anarrest for a minor misdemeanor offense. R.C. 2935.26(A); State v. Lowe(June 19, 1998), Montgomery App. No. 16854. There are exceptions to thatrule, however, one of which involves situations where an offender isunable to provide for his own safety. Lowe, supra; R.C. 2935.26(A)(1).Defendant argues that the record lacks sufficient evidence to support thetrial court's conclusion that police had probable cause to believe thatDefendant, in his intoxicated state, posed a danger to himself or othersand could not provide for his own safety, justifying his arrest pursuantto R.C. 2935.26(A)(1).
 Defendant told the officers that he had dropped his car off at Pep Boysto be serviced, that he walked up to Blair's Lounge where he drank fivebeers, and that he was then on his way back to Pep Boys to pick up hiscar. It was reasonable for the officers to believe that Defendant posed avery real danger to himself or others because of his impaired condition,given the officers' observations of Defendant, his poor performance onthe horizontal gaze nystagmus test, the heavy volume of traffic in thearea where Defendant was located, and the fact that Defendant would haveto cross five lanes of traffic in order to get back to Pep Boys. Lowe,supra. Removal of a highly impaired person from along the side of thehighway is a perfect example of a situation for which the "safety"exception in R.C. 2935.26(A)(1) was created. See State v. Mullins (May19, 2000), Montgomery App. No. 17892.
 It was also reasonable under all of the existing facts andcircumstances for these officers to believe that Defendant was alone andabout to get into his vehicle and drive off in an obviously impairedstated, thus posing a danger to himself or others. State v. Greene (April19, 2002), Montgomery App. No. 19163, 2002-Ohio-1886. Defendant's arrestpursuant to the "safety" exception in R.C. 2935.26(A)(1) was lawful.Having been lawfully arrested, the subsequent search of Defendant'sperson incident to that arrest did not violate his Fourth Amendmentrights. Chimel v. California (1969), 395 U.S. 752, 89 S.Ct. 2034; UnitedStates v. Robinson (1973), 414 U.S. 218, 94 S.Ct. 467.
The assignment of error is overruled. The judgment of the trial court will be affirmed.
BROGAN, J. and FAIN, J., concur.